UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY DUANE COX.,

        Petitioner,

vs.

CINDI S. CURTIN,

        Respondent.
                                  /

Case No. 1:06-cv-405

Hon. Robert J. Jonker

**ORDER**

This matter is now before the court on petitioner's motion for production of documents (docket no. 40) in which he seeks the plea and sentencing transcripts related to the victim's larceny offense. The court construes this motion as a request for discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." While federal habeas petitioners "have no right to automatic discovery," *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), a district court has the discretion to grant a party discovery "upon a fact specific showing of good cause under Rule 6." *Id.*, *citing Bracy v. Gramley*, 520 U.S. 899 (1997). The moving party has the burden of demonstrating the materiality of the information requested. *Stanford*, 266 F.3d at 460.

Before addressing the question of whether a moving party is entitled to discovery under Rule 6(a), the court should first determine the "essential elements" of the relevant habeas claim. *See Bracy*, 520 U.S. at 903-04. Having determined the "essential elements" of the relevant claim, the court can then determine whether the moving party has shown "good cause" for discovery

under Rule 6(a).  "Good cause" is shown by the following test: "whether specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Id.* at 908-09, *quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969).

Petitioner was convicted of two counts of third-degree criminal sexual conduct for engaging in sex with a 17-year-old mentally incapable victim, M.C.L. § 750.520(d)(1)(c). *People v. Cox*, 268 Mich. App. 440, 709 N.W.2d 152 (2005).  An essential element of petitioner's claim is whether the victim, Timothy Cieslak, was mentally incapable of offering consent to engage in a sexual relationship.  As used in this statute, the term "'[m]entally incapable' means that a person suffers from a mental disease or defect that renders the person temporarily or permanently incapable of appraising the nature of his or her conduct."  M.C.L. § 750a(i).  Here, petitioner seeks the plea and sentencing transcripts filed in the Calhoun Circuit Court in 2005 related to the victim's plea agreement to larceny over $100.00.  Petitioner contends that the court documents will demonstrate that Mr. Cieslak was not "mentally incapable" under M.C.L. § 750.520(d)(1)(c), because he was found competent to enter a knowing and voluntary plea, and that the prosecutor withheld this relevant and exculpatory evidence from petitioner.

Petitioner, through his counsel, was able to obtain the following documents which have been filed as attachments to petitioner's brief:

1. Felony complaint against Timothy Keck Cieslak, 10th District Case No. C02-11459 (docket 48-5);

  2. Deferred payment Agreement to the 10th District Court Case No. C02-11459 (docket no. 48-5);

  3. Advice of Rights to Tim Cieslak (docket no. 48-6);

  4. Plea and Sentencing Transcripts, *People v. Timothy Cieslak*, 10th District Court Case No. C02-11459 (Feb. 27, 2003) (docket no. 48-7) (the two proceedings were transcribed in a single transcript); and,

  5. Bench Warrant Arraignment Transcript, *People v. Timothy Cieslak*, 10th District Court Case No. C02-11459 (July 25, 2003) (docket no. 48-8).

  In addition, petitioner's counsel has obtained copies of the following court documents which relate to his own conviction:

  1. Felony Complaint against Jeffery Duane Cox, 10th District Case No. C02-11109 (docket no. 48-2);

  2. Warrant against Jeffery Duane Cox, 10th District Case No. C02-11109 (docket no. 48-2);

  3. The government's answer to defendant's disclosure demand in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated January 20, 2003 (docket no. 48-2);

  4. Order declaring mistrial in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 26, 2003 (docket no. 48-3);

  5. The government's answer to defendant's disclosure demand in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 6, 2003 (docket no. 48-3);

  6. The government's disclosure demand to defendant in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 5, 2003 (docket no. 48-3);

7.  The government's amended disclosure demand to defendant in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 16, 2003 (docket no. 48-3);

8.  The government's amended answer to defendant's disclosure demand in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 16, 2003 (docket no. 48-3);

9.  The government's notice of intent to produce in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 6, 2003 (docket no. 48-3);

10. The government's amended notice of intent to produce filed in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated June 16, 2003 (docket no. 48-3);

11. Judgment of sentence and sentencing information report in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated August 14, 2003 (docket no. 48-4); and,

12. Motion to withdraw as appellate attorney and order allowing withdrawal of appellate attorney in *People v. Jeffrey Duane Cox*, 37th Cir. Ct. Case No. 02-4877, dated March 1, 2004 (docket no. 48-4);

These 17 documents establish that the victim, Mr. Cieslak, was competent to waive his legal rights and enter a guilty plea in Calhoun County's 10th District Court on February 27, 2003, some five months before the prosecutor established that Mr. Cieslak was mentally incapable of appraising his conduct at petitioner's felony trial in Calhoun County's 37th Circuit Court. In addition, Mr. Cieslak was competent to appear in court for an arraignment ten days after petitioner's conviction (pertaining to Cieslak's failure to pay the fine arising from his larceny conviction). The court records tend to support petitioner's claim that the prosecutor failed to provide him with exculpatory evidence regarding Mr. Cieslak's mental capabilities. Upon due consideration, the court finds that petitioner has demonstrated good cause for discovery of the requested material under Rule

6(a). Accordingly, petitioner's motion for discovery (docket no. 40) is **GRANTED** with respect to the request for the plea and sentencing transcripts. It is unnecessary, however, for respondent to actually provide these documents, because all of the documents are attached to petitioner's brief and are now part of the court record.[1]

In his supporting brief, petitioner also includes an additional request to depose Mr. Cieslak's defense counsel and the judge who accepted the plea, which was not included in the motion. The court denies the requested depositions for two reasons. First, the two depositions were not requested in petitioner's motion, which sought to produce portions of Mr. Cieslak's court file. Second, there is no need demonstrated to expand the record to include this additional opinion testimony regarding Mr. Cieslak's mental capabilities. The 10th District Court documents speak for themselves. Petitioner's motion for discovery (docket no. 40) is **DENIED** with respect to the request for depositions.

Finally, respondent contends that petitioner's claim is procedurally defaulted and that petitioner has an available state remedy to pursue the claim by seeking to stay the petition and filing a post-conviction motion for relief from judgment pursuant to MCR 6.500 *et seq.* These matters are beyond the scope of the present motion. However, petitioner should address both the issues of procedural default and the appropriateness of staying the proceedings in his supplemental response to respondent's answer. *See,* ¶ II.A., Order Appointing Federal Public Defender and Directing the Filing of Briefs, filed September 12, 2008.

---

[1] The court notes that documents 1, 2 and 3 appear twice in the court record as docket nos. 48-5 and 48-6.

**IT IS SO ORDERED.**


Dated:  December 11, 2008	/s/ Hugh W. Brenneman, Jr.
	HUGH W. BRENNEMAN, JR.
	United States Magistrate Judge