UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY DUANE COX,

        Petitioner,

CASE NO. 1:06-CV-405

v.

HON. ROBERT J. JONKER

CINDI S. CURTIN,

        Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 58), Respondent's objection to it (docket # 59), Petitioner's objection to it (docket # 60), and Petitioner's response to Respondent's objections (docket # 61). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner Jeffrey Duane

Cox's motion to amend should be denied, but his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be conditionally granted.

## Background

Following a trial, a jury convicted Mr. Cox of two counts of third-degree criminal sexual conduct ("CSC III") under Mich. Comp. Laws 750.520d(1)(c). The conviction was for engaging in sexual contact with an alleged mentally incapable person. The alleged victim was 17 at the time of the offense and therefore an adult for the purposes of the crime, but the state asserted that the victim was not mentally capable of consenting to the acts. Less than two weeks before filing the felony complaint against Mr. Cox, however, the state authorized a felony complaint against Timothy Cieslak, Mr. Cox's purported victim. Mr. Cieslak was found by the court to be mentally competent to enter a guilty plea in his criminal case. Additionally, Mr. Cieslak appeared at a hearing on a bench warrant which was issued for his failure to pay his fine and costs. Although Mr. Cox sent the prosecution a discovery request for information it had related to Mr. Cieslak's criminal record, the prosecution did not turn over any of this potentially exculpatory evidence to Mr. Cox. Mr. Cox's first trial resulted in a hung jury. On retrial, the Calhoun County Prosecutor argued extensively during his opening and closing statements that Mr. Cieslak could not consent to sex with Mr. Cox because he had only the mental capacity of a child. The prosecutor further argued that Mr. Cox was a predator who preyed on, groomed, and manipulated young boys. In the second trial, the jury found Mr. Cox guilty of engaging in sexual contact with an adult who was mentally incapable of consenting to the acts.

Mr. Cox, with counsel, raised four issues on direct appeal. He contended that (1) his conviction was constitutionally deficient because there was insufficient evidence, (2) he was entitled

2

to a new trial based on the suppression of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), or based on newly discovered exculpatory evidence, (3) he was denied a fair trial by the prosecution's impermissible and inflamatory comments, and (4) he should be resentenced because his offense was mis-scored and he was sentenced on the basis of inaccurate information. The Michigan Court of Appeals, over a vigorous dissent, denied Mr. Cox's motion for a new trial and affirmed his conviction. Mr. Cox raised those same four issues in his application for leave to appeal to the Michigan Supreme Court, which the Court denied.

Mr. Cox then filed in the Eastern District of Michigan a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The action was transferred to this district and Mr. Cox amended his petition to raise the same four grounds he raised on direct appeal. After he filed a motion for discovery on the issue of Mr. Cieslak's criminal record and the State failed to respond, this Court appointed a federal public defender to represent Mr. Cox and granted the motion for discovery. The record before the Court therefore has been expanded to include several documents related to Mr. Cieslak's felony charge, plea, and sentencing.

**Discussion**

Mr. Cox seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, however, he must exhaust his claims by fairly presenting them to all available state courts. *See* 28 U.S.C. § 2254(b)(1)(A).

Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Report and Recommendation recommends that Mr. Cox's motion to amend (docket # 51) be denied. It further recommends that Mr. Cox's section 2254 petition for a new trial be conditionally granted on the grounds that (1) the prosecutor committed a *Brady* violation, (2) the prosecutor engaged in misconduct, and (3) the assistance of trial counsel was ineffective. *See*

4

Rule 8, Rules Governing § 2254 Cases in the United States District Courts. The Report and Recommendation additionally recommends that, unless a date for a new trial is scheduled within ninety days of this order granting the writ, Mr. Cox be unconditionally released from custody and the charges be dismissed. The Respondent raises several objections to the Report and Recommendation, none of which undermine it. The Petitioner also raises an objection to the Report and Recommendation that does not undermine it.

I. Mr. Cox procedurally defaulted his *Brady* claim, but he has cured the default by showing cause and prejudice.

The State first objects that Mr. Cox is not entitled to habeas relief on his *Brady* claim because he did not fairly present it to the state courts and it therefore is barred by procedural default. This contention is without merit. As an initial matter, it is clear that the prosecution violated *Brady* when it failed to turn over to Mr. Cox evidence of Mr. Cieslak's plea. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004). The evidence meets the three prongs of the *Brady* test. *See id.* First, it is favorable to Mr. Cox because it is exculpatory: evidence that Mr. Cieslak was competent to enter a guilty plea in a criminal prosecution tends to negate an element of the charged crime, specifically, Mr. Cieslak's inability to consent to a sex act. *See id.* Second, the evidence was suppressed by the state, either willfully or inadvertently. *See id.* Third, Mr. Cox was prejudiced when the prosecutor withheld the highly relevant exculpatory evidence in a particularly close case. *See id.* Indeed, Mr. Cieslak testified at trial that he wanted to engage in the sexual acts with Mr. Cox and consented to have sex with him; the only issue before the jurors was whether Mr. Cieslak was capable of giving consent. As the Magistrate Judge noted, the record shows that five months after securing a guilty plea from the victim, the prosecutor represented repeatedly to the jury that the victim had the mental capacity

of a ten-to-twelve year old child. The lack of evidence that was favorable to Mr. Cox on that issue materially affected the outcome of his trial, and there is a reasonable probability that the outcome would have been different but for the lack of the withheld evidence. *See id.*; *United States v. Frady*, 456 U.S. 152, 170 (1982). Accordingly, it is clear that the prosecutor violated *Brady* by withholding the evidence.

Additionally, the Magistrate Judge properly concluded that, in this case, the *Brady* violation itself establishes the cause and prejudice necessary to cure Mr. Cox's procedural default. *See id.*; *Apanovitch v. Houk*, 466 F.3d 460, 474 (6th Cir. 2006). In order to excuse his procedural default, Mr. Cox must establish cause and prejudice for his failure to properly raise this issue in state court. Cause and prejudice, however, "parallel two of the three components of the alleged *Brady* violation itself." *Banks*, 540 U.S. at 691. The second *Brady* component, proof that the prosecution suppressed the evidence, establishes cause in this case because the reason for Mr. Cox's failure to develop the facts in state-court proceedings was the state's suppression of the relevant evidence. *See id.* Having established the third *Brady* component, materiality, Mr. Cox also established prejudice. *See id.*; *Strickler v. Greene*, 527 U.S. 263, 290 (1999) (holding that *Brady* materiality is even more stringent than traditional prejudice because it requires a showing that the evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict"). Accordingly, Mr. Cox has met his burden of excusing his procedural default, and the Court need not deny relief on this claim or stay this case to permit a second round of appellate review. *See Banks*, 540 U.S. at 691; *cf. Williams v. Taylor*, 529 U.S. 420, 440 (2000).

II.     The state courts' decisions regarding Mr. Cox's *Brady* claim are not entitled to AEDPA deference because the state courts did not have the *Brady* evidence in the record before them.

The State also objects that, despite Mr. Cox's procedural default, the Michigan Court of Appeals actually considered Mr. Cox's *Brady* claim on the merits. The state therefore contends that the state court's decision is entitled to AEDPA deference and that, under a proper application of AEDPA deference, this Court cannot grant habeas on Mr. Cox's *Brady* claim. This contention, too, is without merit. As the Report and Recommendation concludes, the state courts did not adjudicate Mr. Cox's *Brady* claim on the merits because the state courts did not have the *Brady* evidence in the record before them. The Michigan Court of Appeals held that the record was devoid of the information. Indeed, Mr. Cox did not obtain the withheld information until this Court ordered the prosecution to turn it over during this federal habeas proceeding. Accordingly, the Magistrate Judge properly concluded that AEDPA's deferential standard does not apply to Mr. Cox's *Brady* claim. *See Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008) ("[I]n the context of a *Brady* claim, when the petitioner's habeas claim involves *Brady* material that was uncovered only during the federal habeas proceedings, AEDPA deference does not apply to an earlier, state-court Brady adjudication involving a different mix of allegedly improperly withheld evidence.").

Moreover, even if AEDPA deference does apply to the state court's determination of Mr. Cox's *Brady* claim, the Magistrate Judge properly concluded that the state court's decision that there was no *Brady* violation is an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d). As discussed above and in the Report and Recommendation, the prosecutor clearly violated *Brady*, as articulated by the Supreme Court, when he withheld evidence from Mr. Cox related to Mr. Cieslak's guilty plea. *See Banks*, 540 U.S.

at 691; *Strickler v. Green*, 527 U.S. 263, 280, 290 (1999); *Frady*, 456 U.S. at 170. The state appellate court's conclusion to the contrary was an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

III. Mr. Cox is entitled to federal habeas relief on his prosecutorial misconduct claim because the state courts' determinations on this issue were unreasonable applications of clearly established federal law as determined by the Supreme Court.

The State's next objection is that Mr. Cox's prosecutorial misconduct claim cannot provide the basis for federal habeas relief in this case under a proper application of AEDPA deference. This, too, is incorrect. The Report and Recommendation properly applied AEDPA deference to the state court's determination of this issue and concluded that the state court's determination was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

To address this issue, one must first consider the statements by the prosecutor that Mr. Cox contends were improper. As discussed in the Report and Recommendation, the evidence showed only that the charges at issue in this case arose out of a relationship between two men, a 30-year old and the other a slow 17-year old. Moreover, there was no evidence that suggested Mr. Cox had ever attempted to have any kind of a similar relationship with other young men or anyone else, let alone a child or multiple children. The Calhoun County prosecutor's statements to the jury, however, described Mr. Cox as a repeat sexual predator on the prowl for young boys. For example, the prosecutor's opening statement included the following comments:

> It's the People's theory that the defendant is 30 years old, likes young boys, grooms them, manipulates them, does things in order to take advantage of them . . . the fact that he, in the People's theory, targets particular individuals by his actions and mannerisms, what he does to take advantage of these young boys, is what we find the real issue to be.

8

It also included many references to multiple victims and a process whereby the defendant habitually targeted young boys and young people for manipulation and sexual abuse. The prosecutor's closing statements continued the repeat child-predator theme. It included, for example, the following statements:

> He's one of the worst type of predators we have in our society. . . . And I submit to you that's a predator. That's somebody that shouldn't be allowed to co-exist with our young people, shouldn't be allowed to apply his trade on this young man or any other man. . . . [It's] time to start expressing to Mr. Cox that this won't be tolerated in our society, and allow our children to grow, to prosper, without undue influence and manipulation for one's own sexual pleasures.

These comments, and many others like them, were not isolated remarks that could be characterized as off the cuff, extemporaneous, or open to multiple interpretations. Moreover, the inflammatory comments were not supported by the evidence adduced trial. As the Report and Recommendation properly concluded, the prosecutor intentionally and consistently (and improperly) postured this case as a call to the jurors to take off the streets a sexual predator who repeatedly preyed on young boys.

The State first contends that the state court's determination was not an unreasonable application of law. This contention is without merit. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 646-47 (1974). As discussed in the Report and Recommendation, the prosecutor's comments in this case "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The state courts' conclusions to the contrary were objectively unreasonable because the prosecution's arguments could not be inferred from the evidence, were extensive and not mere isolated comments, were deliberately placed before the jury, and were made in the context of a weak case for the purpose of misleading the jury and prejudicing the accused. *See United States v. Young*, 470 U.S. 1, 18 (1985) (noting that a

prosecutor's "comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury). *Accord Darden*, 477 U.S. at 181; *Donnelly*, 416 U.S. at 646-47.

In this case, the prosecutor's misconduct also excuses Mr. Cox's procedural default of this claim in the state court. The Michigan Court of Appeals reviewed Mr. Cox's prosecutorial misconduct claim only for plain error. Nonetheless, federal habeas review of this issue is not barred because Mr. Cox demonstrated cause and prejudice for his procedural default. As the Report and Recommendation properly concluded, Mr. Cox' counsel was constitutionally ineffective because it failed to object to the prosecutor's misconduct. *See Reed v. United States*, 133 Fed. App'x 204, 208 (6th Cir. 2005). Counsel's ineffective assistance on this issue demonstrates cause for Mr. Cox's procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Mr. Cox has established prejudice, too, by establishing prosecutorial misconduct. Indeed, establishing prosecutorial misconduct required him to establish that the remarks were so flagrant as to violate due process, that the prosecutor's remarks were likely to have misled the jury and to prejudice him, and that the total strength of the evidence against him was such that, absent the remarks, there was a reasonable probability that the outcome would have been different. *See, e.g.*, *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). Mr. Cox thereby established prejudice. Accordingly, he has excused his procedural default, and this Court is not barred from granting him federal habeas relief on this claim.

The state second contends that the comments were harmless error and that they did not affect the jury's verdict. This contention, too, is without merit. The Report and Recommendation properly concluded that the prosecutor's extensive, inflammatory comments denied Mr. Cox a fair trial and

had a substantial and injurious effect on the jury's verdict, in part because of the nature of the comments, discussed above, and in part because the overall strength of the prosecution's case was borderline at best. *See Young*, 470 U.S. at 18-19. Accordingly, the Report and Recommendation properly concluded that the prosecutorial misconduct was not merely harmless error and that it did, in fact, affect the jury's verdict and deny Mr. Cox a fair trial. *See id.*

IV. The evidence presented at trial, viewed in the light most favorable to the prosecution, was sufficient to support the jury verdict.

Mr. Cox objects to the Report and Recommendation's conclusion that there was sufficient evidence to support a jury verdict. He contends that even if Mr. Cieslak suffers from a mental defect, there was insufficient evidence from which the jury could conclude that the defect was of such a degree that Mr. Cieslak could not understand the moral quality of the sexual acts. Mr. Cox concedes, however, that an expert testified at trial that Mr. Cieslak had the mental capacity of a twelve- to fourteen-year-old. The Michigan Court of Appeals, considering that evidence, concluded that a rational juror could have found the elements of the crime beyond a reasonable doubt. Applying AEDPA deference to the state court's determination, the Report and Recommendation properly concluded that this determination was not unreasonable in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Neither was the state court's conclusion an unreasonable application of federal law. *See id.* Accordingly, Mr. Cox is not entitled to federal habeas relief on this issue.

## Conclusion

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 20, 2009, is approved and adopted as the opinion of this Court. Mr. Cox's motion to amend (docket # 51) is **DENIED**. Mr. Cox's motion for habeas corpus under

section 2254 is **CONDITIONALLY GRANTED**.  If a new trial is not scheduled within ninety days of this Order, Mr. Cox shall be unconditionally released from custody and the charges against him shall be dismissed.


Dated:     March 17, 2010                  /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     UNITED STATES DISTRICT JUDGE